UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TY EDWARDO CLARK,<br><br>　　Defendant. | Magistrate No. 05-402<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by complaint with unlawfully, knowingly, and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary and detention hearing was conducted by the undersigned United States Magistrate Judge on July 19, 2005.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

United States v. Clark  2

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, it has the burden of establishing by a preponderance of the evidence that the Defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."  United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).  A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed.

### III.  DISCUSSION

The government's sole witness was Detective Lavinia Quigley of the Metropolitan Police Department.  Officer Quigley testified that on July 15, 2005, a search warrant was executed at

United States v. Clark 3

1204 Holbrook Street, N.E., Apartment #2, Washington, D.C., and that Defendant was present at the residence.  According to Detective Quigley, these were the items seized: multiple ziplock bags containing 12 grams of crack cocaine recovered from on top of the bed; a laundry bag recovered from an area not far from the bed which contained a priority mail package with a plastic bag with two ziplocks of 117 grams of marijuana, court papers with the Defendant's name on it, a gray sock with a plastic bag containing 14.8 grams of crack cocaine, a white sock containing $980.00.

Counsel for the government, in support of its motion for pretrial detention, proffered the information contained in the Pretrial Services Report as to a pending case in which the Defendant is charged on July 7, 2005 with the unlawful possession of a firearm by a convicted felon; a prior conviction for attempted distribution of cocaine, and attempted possession with intent to distribute cocaine.

Defendant, through counsel, submitted on probable cause.  Defendant proffered that the prior conviction occurred in 1990 and that probation in that matter concluded in 1992; and that Defendant voluntarily turned himself into authorities in this matter.  Defendant, through, counsel, further argued, that Defendant could be released to the High Intensity Supervision Program and live with his father, who was in court.

## IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that Defendant was actively participating in the distribution of crack cocaine.

United States v. Clark                                                                                                             4

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Defendant has a prior attempted drug distribution conviction. Additionally, a few days before the search warrant was executed in this matter, the Defendant was arrested and charged with possession of a firearm by a convicted felon.

Fourth, the undersigned is satisfied that the toll which unlawful drug distribution has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence with respect to Defendant's involvement in the distribution of crack cocaine compels the conclusion that the community would be endangered by Defendant's release.

The undersigned finds that the evidence proffered by Defendant is arguably sufficient to rebut the applicable presumption of fugitivity, but is wholly insufficient to rebut the applicable presumption of dangerousness. *See* United States v. Alatishe, 768.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 19, 2005 Order of Detention.

                                                                                            /s/
                                                                             DEBORAH A. ROBINSON
                                                                             United States Magistrate Judge

  July 22, 2005
DATE

NUNC PRO TUNC to

United States v. Clark 5

July 19, 2005