IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :   05- 294 (EGS) |
| v. | : |
| | : |
| TY CLARK | : |

<u>DEFENDANT'S MOTION TO SUPPRESS STATEMENTS</u>

Ty Clark, the Defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence of alleged statements made by Mr. Clark. In support of this motion, counsel states the following:

1. Mr. Clark is before the Court charged with three crimes relating to the events of July 6, 2005: possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year; possession with intent to distribute marijuana, and using, carrying, and possessing a firearm during a drug trafficking offense.  In addition, Mr. Clark is charged with two crimes relating to the events of July 15, 2005, to wit: unlawful possession with intent to distribute cocaine base, and unlawful possession with intent to distribute marijuana.

2. According to information provided to counsel pursuant to Federal Rule Criminal Procedure 16, Mr. Clark told police: "I got a gun on me.  I don't have one in the chamber. I got rob yesterday that's why I carry it."

3. It is counsel's understanding that any statement made, was made in response to custodial questioning.

4. Mr. Clark's statement was obtained in violation of his fourth amendment rights.

5. Mr. Clark's alleged statement was involuntary.

6. Mr. Clark's alleged statement was obtained in violation of his *Miranda* rights.

WHEREFORE, for the foregoing reasons and for such other reasons as may be advanced at a hearing on this motion, Mr. Clark respectfully requests that the Court suppress the use as evidence of all statements allegedly made by Mr. Clark.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Clark
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Statements and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Statements was delivered by mail to AUSA Lionel Andre, Office of the United States Attorney, 555 Fourth Street, NW, Washington, D.C. 20530, on this _____ day of _____, 2005.

_____
Nikki Lotze

**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | 05- 294 (EGS) |
| v. | : | |
| | : | |
| TY CLARK | : | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

I.   THE STATEMENT ALLEGEDLY MADE BY MR. CLARK MUST BE SUPPRESSED BECAUSE IT WAS OBTAINED IN VIOLATION OF MR. CLARK'S FOURTH AMENDMENT RIGHTS.

Probable cause is an essential prerequisite to a warrantless arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). When the police act without the authority of a warrant, "the burden of establishing probable cause is on the United States." *Ornelas v. United States*, 116 S.Ct. 1657 (1996). The government cannot meet their burden here.

The police officers did not have probable cause to arrest Mr. Clark. Police reports provided to counsel pursuant to Federal Criminal Procedure Rule 16, reveal the following: At about 9:00 p.m. on July 6, 2005, Metropolitan Police Department officers allegedly observed Mr. Clark and an "Hispanic male" standing beside a red van. Police approached and claim to have seen Mr. Clark reach for the right side of his waist band area. Both Mr. Clark and the Hispanic male were made to put their hands on the van. Both were patted down. During the search, Mr. Clark allegedly said "I got a gun on me. I don't have one in the chamber. I got robbed yesterday that's why I carry it." Police then allegedly retrieved a loaded .9mm handgun from beneath Mr. Clark's shirt. A search of a nearby vehicle allegedly belonging to Mr. Clark resulted in recovery of 23.7 grams of marijuana, and a brown paper bag containing empty ziplock baggies, an electronic scale, and a razor blade. In addition, $355 U.S. currency was

allegedly seized from Mr. Clark's person.

Mr. Clark denies that he made any movements toward his waistband area, and denies that there was any lawful basis for police to search either his person or the nearby vehicle. Under the circumstances, the seizure of Mr. Clark and the search of the car cannot be justified by any exception to the warrant requirement.

Evidence of any statements allegedly made by Mr. Clark therefore must be suppressed as the fruit of the unlawful warrantless arrest of Mr. Clark. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

II. THE STATEMENTS ALLEGEDLY MADE BY MR. CLARK MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF MR. CLARK'S FIFTH AMENDMENT RIGHTS

   A. AT THE TIME THE STATEMENTS WERE ALLEGEDLY MADE, MR. CLARK WAS IN CUSTODY AND HAD NOT BEEN ADVISED OF HIS FIFTH AMENDMENT RIGHTS

The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). In order to protect the privilege, the Supreme Court set forth procedural safeguards. The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479.

Statements made in response to custodial interrogation may only be used against a

defendant if the defendant has been given the *Miranda* warnings and subsequently makes a knowing and intelligent waiver of those rights *Id.*. The government bears the burden of demonstrating that the *Miranda* warnings were given and that the defendant has made a knowing and intelligent waiver. *Id.*.

The questioning of Mr. Clark in this case violated *Miranda*. At the time that the police allegedly obtained the statement from him, Mr. Clark was in custody and any statements made were in response to questioning by the police. *See Miranda*, *supra,* 384 U.S. at 444 ("[c]ustodial interrogation is defined as 'questioning initiated by law enforcement officers after a person had been taken into custody or otherwise deprived of his freedom in any significant way.'"); *see Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (finding functional equivalent of interrogation where police conduct likely to elicit an incriminating response).

When Mr. Clark was later advised of his *Miranda* rights, he declined to waive his constitutional rights to counsel and to remain silent.

B.   THE STATEMENTS WERE INVOLUNTARY

A defendant's statements cannot be used at trial unless the statements were the product of a rational intellect and a free will. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978). Mr. Clark has a "constitutional right to . . . a fair hearing and a reliable determination of the issue of voluntariness. . . ." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). At that hearing, the government bears the burden of proving, by a preponderance of the evidence, that Mr. Clark's statements were made voluntarily. *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

The voluntariness of a statement "is to be judged on the totality of the circumstances" under which it is made. *Wilkerson v. United States*, 432 A.2d 730, 734 (D.C. 1981), *cert. denied,* 454 U.S. 1090 (1981). A statement can only be deemed voluntary if "the totality of the

circumstances show it to be the 'product of an essentially free and unconstrained choice by its maker.'" *Jackson v. United States*, 404 A.2d 911, 923 (D.C. 1979) (*quoting Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

The totality of circumstances surrounding Mr. Clark's statements rendered his alleged statements involuntary. The statements are therefore inadmissible for all purposes, including impeachment. *Mincey*, *supra,* at 398.

## CONCLUSION

For the foregoing reasons and any others which may appear at a hearing on this motion, the statements allegedly obtained from Mr. Clark must be suppressed because they were obtained in violation of Mr. Clark's Fourth and Fifth Amendment rights.

Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
Counsel for Mr. Clark
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764