IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | 05- 294 (EGS) |
| v. | : | |
| | : | |
| TY CLARK | : | |

DEFENDANT'S MOTION TO SEVER COUNTS
and MEMORANDUM of SUPPORTING POINTS and AUTHORITIES

Defendant Ty Clark, through undersigned counsel, hereby seeks relief from prejudicial joinder of offenses, pursuant to Federal Criminal Procedure Rules 14 and 8(a). In support of this motion, counsel states the following:

1. Mr. Clark is before the Court charged with three crimes relating to the events of July 6, 2005: possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year; possession with intent to distribute marijuana, and using, carrying, and possessing a firearm during a drug trafficking offense. In addition, Mr. Clark is charged with two crimes relating to the events of July 15, 2005, to wit: unlawful possession with intent to distribute cocaine base, and unlawful possession with intent to distribute marijuana.

2. Police reports provided to counsel pursuant to Federal Criminal Procedure Rule 16, reveal the following regarding these two separate incidents:

   a. <u>July 6, 2005</u>: At about 9:00 p.m., Metropolitan Police Department officers allegedly observed Mr. Clark and an "Hispanic male" standing beside a red van. Police approached and claim to have seen Mr. Clark reach for the right side of his waist band area. Both Mr. Clark and the Hispanic male were made to put their hands on the van. Both were patted down. During the search, Mr. Clark

   allegedly said "I got a gun on me. I don't have one in the chamber. I got robbed yesterday that's why I carry it." Police then allegedly retrieved a loaded .9mm handgun from beneath Mr. Clark's shirt. A search of a nearby vehicle allegedly belonging to Mr. Clark resulted in recovery of 23.7 grams of marijuana, and a brown paper bag containing empty ziplock baggies, an electronic scale, and a razor blade. In addition, $355 U.S. currency was allegedly seized from Mr. Clark's person.

 b. <u>July 15, 2005</u>: Thereafter, police obtained a search warrant for apartment #2, 1204 Holbrook Sreet, NE. When that warrant was executed on July 15, 2005, Mr. Clark was arrested in the apartment and 26.8 grams of crack cocaine; 117 grams of marijuana, $384 U.S. currency, a .22 rifle and ammunition, a BB gun, empty ziplock baggies, and personal papers were seized from the apartment.

3. The counts charging weapon and marijuana possession on July 6, 2005, should be severed from the countw charging cocaine and marijuana possession in an unrelated incident on July 15, 2005.

4. Federal Criminal Procedure Rule 8(a) authorizes joinder of two or more offenses only

> ... if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed. R. Crim. Proc. 8(a).

Rule 14 provides:

> If it appears that a defendant ... is prejudiced by a joinder of offenses ... in an indictment ... the court may order an election or separate trials of counts, ... or provide whatever other relief justice requires.

Fed. R. Crim. Proc. 14.

5. The counts relating to the two separate incidents are not "of the same or similar character" as the rule requires. Nor are they based on the "same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Therefore the counts are not properly joined under Rule 8.

6. Severance of the charges relating to these two separate incidents is required because Mr. Clark will be "embarrassed an confounded" in trying to defend against the two incidents at one trial. *See Cross v. United States,* 118 U.S. App. D.C. 324, 335 F.2d 987 (1964); *Baker v. United States,* 131 U.S. App. D.C. 7, 401 F.2d 958 (1968).

> In *Cross*, the court of appeals recognized the prejudice that
>
> ... may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence. His decision whether to testify will reflect a balancing of several factors with respect to each count: the evidence against him, the availability of defense evidence other than his testimony, the plausibility and substantiality of his testimony, the possible effects of demeanor, impeachment, and cross-examination. But if the two charges are joined for trial, it is not possible for him to weigh these factors separately as to each count. If he testifies on one count, he runs the risk that any adverse effects will influence the jury's consideration of the other count. Thus, he bears the risk on both counts, although he may benefit on only one. Moreover, a defendant's silence on one count will be damaging in the face of his express denial of the other. Thus he may be coerced into testifying on the count upon which he wishes to remain silent.
>
> 118 U.S. App. D.C. at 326, 335 F.2d at 989.

7. Mr. Clark wishes to testify with regard to the July 15, 2005, incident, and does not wish to testify regarding the July 6, 2005, incident. Counsel would be happy to proffer the nature of the testimony and resulting prejudice to the Court *ex parte.*

8. Severance of the charges relating to these two separate incidents is necessary since 1) the evidence of each offense would not be admissible in a separate trial of the other under any of the *Drew* exceptions. *See Drew v. United States,* 118 U.S. App. D.C. 11, 331 F.2d

85 (1964); 2) the jury would be likely to cumulate the evidence on each charge an find guilt, where, if considered separately, it would not.

9. Even assuming the counts are properly joined, the prejudice to the defendant of the joinder of charges relating to these two separate incidents outweighs any rationale that the government might advance in support of the continued joinder of the counts. Therefore, the Court should sever the counts pursuant to Federal Rule Criminal Procedure 14.

## CONCLUSION

WHEREFORE, for these reasons and any others advanced at a hearing on this motion, the Court should sever the above described counts.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Clark
Roberts & Wood
6801 Kenilworth Ave.
Suite 202
Riverdale, MD  20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing severance motion has been delivered by facsimile and by mail to:

AUSA Lionel Andre
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530


This _____ day of _____ 2005.


_____

Nikki Lotze

Case 1:05-cr-00294-EGS    Document 10    Filed 09/26/2005    Page 5 of 5

Nikki Lotze