IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | 05- 294 (EGS) |
| v. : | |
| : | |
| TY CLARK : | |

<u>DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE</u>

Ty Clark, the defendant, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b), and the Fourth Amendment to the United States Constitution, to suppress the use as evidence of the gun allegedly recovered from Mr. Clark, and the marijuana allegedly recovered from the vehicle which Mr. Clark allegedly drove on July 6, 2005.

In addition, the defendant moves to suppress the use as evidence of the crack cocaine, marijuana, mail matter, empty ziplock baggies, $1834 U.S. currency, .22 rifle and ammunition, and BB gun recovered pursuant to the execution of a search warrant at 1204 Holbrook Street, NE, on July 15, 2005.

A hearing is requested on this motion. In support of this motion, counsel states:

1. Mr. Clark is before the Court charged with three crimes relating to the events of July 6, 2005: possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year; possession with intent to distribute marijuana, and using, carrying, and possessing a firearm during a drug trafficking offense. In addition, Mr. Clark is charged with two crimes relating to the events of July 15, 2005, to wit: unlawful possession with intent to distribute cocaine base, and unlawful possession with intent to distribute marijuana.

2. Police reports provided to counsel pursuant to Federal Criminal Procedure Rule 16,

    reveal the following: At about 9:00 p.m. on July 6, 2005, Metropolitan Police Department officers allegedly observed Mr. Clark and an "Hispanic male" standing beside a red van. Police approached and claim to have seen Mr. Clark reach for the right side of his waist band area. Both Mr. Clark and the Hispanic male were made to put their hands on the van. Both were patted down. During the search, Mr. Clark allegedly said "I got a gun on me. I don't have one in the chamber. I got robbed yesterday that's why I carry it." Police then allegedly retrieved a loaded .9mm handgun from beneath Mr. Clark's shirt. A search of a nearby vehicle allegedly belonging to Mr. Clark resulted in recovery of 23.7 grams of marijuana, and a brown paper bag containing empty ziplock baggies, an electronic scale, and a razor blade. In addition, $355 U.S. currency was allegedly seized from Mr. Clark's person.[1]

3.     Thereafter, based solely on Mr. Clark's alleged involvement in the events of July 6, 2005, police obtained a search warrant for apartment #2, 1204 Holbrook Sreet, NE. When that warrant was executed on July 15, 2005, Mr. Clark was arrested in the apartment and 26.8 grams of crack cocaine; 117 grams of marijuana, $384 U.S. currency, a .22 rifle and ammunition, a BB gun, empty ziplock baggies, and personal papers were seized from the apartment.

4.     With regard to the events of July 6, 2005, The police officers acted without the authority of a warrant.

5.     With regard to the events of July 6, 2005, the police officers had neither probable cause

---

[1] According to information provided to counsel pursuant to Federal Court Rule Criminal Procedure 16, the handgun, ammunition, currency, marijuana, scale, and baggies, are the only items allegedly seized from Mr. Clark or from the car, which the government intends to introduce against Mr. Clark at trial in connection with the charges relating to July 6, 2005.

nor reasonable articulable suspicion to believe that Mr. Clark was or had been engaged in criminal activity.

6. With regard to the search warrant obtained in support of the search of July 15, 2005, the affidavit in support of that warrant does not establish probable cause to search the location searched. Moreover, the information contained in that affidavit was stale by the date the search warrant was executed on July 15, 2005.

WHEREFORE, for the foregoing reasons, and for such other reasons as may appear at a hearing on this Motion, Mr. Clark respectfully requests that this Court suppress the use as evidence of all tangible objects allegedly seized from Mr. Clark or from the car which is allegedly his on July 6, 2005, and suppress the use as evidence of all tangible objects allegedly seized from 1204 Holbrook Street, NE, on July 15, 2005, pursuant to the execution of a search warrant.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Clark
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD  20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Tangible Evidence and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Tangible Evidence has been delivered by mail and by facsimile to AUSA Lionel Andre, Office of the U.S. Attorney, this _____ day of _____, 2005.

_____
Nikki Lotze

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES : | |
| : | 05- 294 (EGS) |
| v. : | |
| : | |
| TY CLARK : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357 (1967) (footnote omitted).  Here, Officers acted without the authority of a warrant.  The circumstances of the seizure of Mr. Clark, and the search of his alleged car, do not meet any of the exceptions to the warrant requirement.  Therefore, the searches and seizure were illegal.

Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment.  *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967).  Absent a showing of an exception to the warrant requirement, the evidence seized from the car, must be suppressed.

Mr. Clark's seizure on July 6, 2005, falls within none of the exceptions to the warrant requirement.  Police seized Mr. Clark after allegedly observing him standing with an Hispanic male beside a truck.  Allegedly, as police approached, Mr. Clark made movements toward his waistband area. Thereafter, Mr. Clark was searched and  a loaded 9 millimeter handgun and $355 U.S. currency

were allegedly recovered from his person. In addition, a search of the nearby car which allegedly belonged to Mr. Clark, resulted in the recovery of 23.7 grams of loose marijuana, some empty ziplock baggies, an electronic scale, and a razor blade.

Mr. Clark denies that he made any movements toward his waistband area, and denies that there was any lawful basis for police to search either his person or the nearby vehicle. Under the circumstances, the seizure of Mr. Clark and the search of the car cannot be justified by any exception to the warrant requirement.

With regard to the evidence recovered on July 15, 2005, as a result of the search warrant issued on July 8, 2005, the facts and circumstances set forth in the affidavit in support of that search warrant do not amount to probable cause to support issuance of that search warrant. Moreover, even if there was probable cause to support a search on or shortly after July 6, 2005, any such probable cause had become stale by the time the warrant was executed on July 15, 2005. *Compare, e.g., Andersen v. Maryland,* 427 U.S. 463, at 478 n.9 (information obtained 3 months earlier not stale because complex business records likely to be retained).

## CONCLUSION

Because the evidence recovered from both Mr. Clark and his alleged car on July 6, 2005, and the evidence recovered from 1204 Holbrook St NE, on July 15, 2005, was seized in violation of the Fourth Amendment, that evidence must be suppressed.

                        Respectfully submitted,

                        _____
                        Nikki Lotze
                        Roberts & Wood
                        6801 Kenilworth Ave.
                        Suite 202
                        Riverdale, MD 20737
                        (301) 699-0764