UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** : | : | |
| v. | : | CRIMINAL NO. 05-294 (EGS) |
| | : | |
| **TY EDWARDO CLARK,** | : | |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S MOTION FOR LEAVE TO LATE FILE GOVERNMENT'S
OPPOSITION TO DEFENDANTS' MOTIONS TO SUPPRESS TANGIBLE EVIDENCE,
SUPPRESS STATEMENTS AND MOTION TO SEVER COUNTS**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court to grant it leave to file the Government's Opposition to Defendant Ty Edwardo Clark's Motion to Suppress Tangible Evidence, Motion to Suppress Statements and Motion to Sever Counts, in the above-captioned matter. In support of this motion, the government represents as follows:

1.	On August 18, 2005, defendant Clark was arraigned on a five count indictment. That same day, the government extended a written plea offer to defendant Clark.

2.	On September 9, 2005, a status conference was held and the court considered an oral bond review motion by the defense. The parties advised the court that the government and the defense were in active plea negotiations and asked for a further status hearing. The defendant agreed to waive the Speedy Trial Act. At both parties' request, a further status hearing was selected for October 6, 2006.

3.	On September 26, 2005, defense filed a motion to suppress tangible evidence, a motion to suppress statements and a motion to sever counts. The government expected that by

the October 6, 2005 status hearing, the government would know whether the case was going to be resolved via a plea agreement or a trial. The undersigned expected that if the plea was rejected, that at the status hearing, the court would set a motions schedule and a motions hearing date.[1]

4. The court subsequently notified both parties that the status hearing was rescheduled from October 6, 2006, to October 12, 2006. Between September 9, 2005 through October 12, 2005, the parties continued to negotiate a plea agreement in good faith. During the October 12, 2005 status hearing, the defense informed the Court that the parties were in plea negotiations and requested a further status date to finalize the agreement. The court selected a further status date of October 26, 2005. Again, the undersigned expected that if the plea was rejected, that at the status hearing, the court would set a motions schedule and a motions hearing date.

5. On October 20, 2005, the government drafted a formal written plea agreement and proposed factual proffer, and sent it to defense counsel for review. Based on the nature of the plea discussions, the undersigned believed that the plea offer would be accepted. Consequently, the undersigned did not file an opposition to the defendant's motions.

6. The court then rescheduled the October 26, 2005 status date to November 8, 2005, without a hearing. Meanwhile, defense counsel informed the government that her client had

---

[1] The undersigned Assistant United States Attorney erroneously believed that the Court's motions scheduling order triggered the government's obligation to respond to defense's motions to suppress evidence. The undersigned Assistant United States Attorney now realizes that Local Criminal Rule 47(b) states that, "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."

decided to reject the written plea and expressed an intent to go to trial.

7. The November 8, 2005 status hearing was the first status hearing in the instant matter where the parties were not in active plea negotiations. The undersigned Assistant United States Attorney expected that the Court was going to issue a motions schedule, schedule a motions hearing and trial date at the November 8, 2005 status hearing.

8. The undersigned Assistant United States Attorney acknowledges that he should have filed the government's opposition while plea negotiations were ongoing, but assures the Court that he was acting a good faith, and not attempting to gain any tactical advantage or to prejudice the defendant in any way.

9. Both the defense's motions and the government's anticipated oppositions to the motions to suppress are straightforward, and not complex. The oppositions do not raise any new issues or legal concepts. Therefore, the defendant would not be prejudiced by granting the Government's motion for leave to file.

WHEREFORE, the government respectfully requests that the Court grant its motion for leave to late file its opposition to defendants' motions to suppress tangible evidence, suppress statements and to sever counts.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
Lionel André
Assistant United States Attorney
D.C. Bar Number 422534
Federal Major Crimes
555 4th Street, N.W. – Room 4846
Washington, D.C. 20001
(202) 616-3323