UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-294 (EGS) |
| | : | |
| | : | |
| TY EDWARDO CLARK, | : | |
| | : | Motions Hearing |
| Defendant. | : | January 10, 2006 |
| _____ | : | |

### GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). As grounds for this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a motions hearing.

### FACTUAL BACKGROUND

Defendant Ty Edwardo Clark is currently charged with one count of Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, two counts of Unlawful Possession with Intent to Distribute Cannabis, one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, and one count of Unlawful Possession with Intent to Distribute Cocaine Base. These charges arose out of Defendant's criminal conduct on July 6, 2005 and July 15, 2005.

On July 6, 2005, at approximately 9:00 p.m., members of Metropolitan Police Department's Sixth District Focus Mission Team pulled into a parking lot in the 300 block of Ridge Road, S.E. in the District of Columbia. As the officers entered the lot, they observed Defendant standing a few feet away from the driver's side of a red van bearing D.C. tag number BY7075, talking to an

unidentified Hispanic male. Several other men stood some ten to fifteen feet away and fled when the officers, wearing highly visible police insignia, approached. Most of the officers pursued these men, leaving Officers Peter Shaw and Scott Siegel in the parking lot. Officer Shaw ordered Defendant to show his hands, but instead of complying, Defendant reached twice for his waistband. Officer Shaw then ordered Defendant to get on his knees and put his hands behind his head. Defendant responded that he could not because he had just had an operation. Officer Shaw instructed Defendant to put his hands on the van. Defendant did so.

Officer Shaw then patted the right side of Defendant's waistband and felt what he immediately recognized to be the grip of a handgun. Defendant blurted out, "I got a gun on me. I don't have one in the chamber. I got robbed yesterday, that's why I carry it." Officer Shaw lifted Defendant's shirt and saw a grey handgun in Defendant's waistband. The handgun was determined to be a nine-millimeter Ruger, model P89, serial number 31296940. The magazine was loaded with nine rounds of ammunition. Defendant was arrested. During a search incident to arrest, officers found approximately $350 in cash and the key and registration to the van on Defendant's person. A subsequent search of the van revealed, inside the driver's side roof lining, a clear ziplock bag containing loose green weed substance that subsequently field tested positive for THC, the active ingredient in marijuana. The officers also recovered a brown paper bag containing multiple empty ziplock bag, an electronic scale, and a razor blade from behind the rear seats of the van. Defendant Clark was then transported to the Fifth District police station for processing.

In response to routine booking questions, Defendant Clark stated that he resided at 1204 Holbrook Street, N.E., Apartment No. 2, in the District of Columbia. On July 8, 2005, Detective Lavinia Quigley applied for a D.C. Superior Court search warrant for 1204 Holbrook Street, N.E.,

Apartment No. 2, to search for evidence of illegal possession of firearms and ammunition. Superior Court Judge Ronald P. Wertheim signed the search warrant the same day. On July 15, 2005, at approximately 8:12 a.m., members of the Metropolitan Police Department's Major Narcotics Branch executed the warrant. Upon entering the apartment, an officer observed Defendant near an area where the police subsequently recovered 21.2 grams of cocaine base. Also recovered during the search of the apartment were 112.2 grams of marijuana, $1834 in U.S. currency, a .22 caliber rifle and ammunition, a BB gun, and personal papers which indicated that Ty Edwardo Clark was a resident of the premises.[1/] Defendant again was arrested and transported to the Fifth District for processing.

## OTHER CRIMES AND BAD ACTS BY DEFENDANT

The Government seeks to introduce the facts and circumstances surrounding Defendant's prior conviction, on August 10, 1990, in the District of Columbia Superior Court, Case No. F-4082-90, for Attempted Distribution of Cocaine and Attempted Possession with Intent to Distribute Cocaine.

## LEGAL ANALYSIS AND ARGUMENT

This Court should admit evidence of Defendant's other crimes and bad acts, as described above, in the instant case. With respect to Defendant's alleged possession with the intent to distribute drugs on July 6, 2005, and July 15, 2005, the Government's theory is one of constructive possession. On July 6, 2005, marijuana was found in Defendant's van, not on his person. On July 15, 2005, marijuana and cocaine base were found in Defendant's residence, but again, not on his

---

[1/]   Defendant is not currently charged with any crime arising from his possession of the rifle and ammunition, and the Government is not seeking to introduce the rifle and ammunition as Rule 404(b) evidence.

person. Because the Government is proceeding on a constructive possession theory, *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004), does not apply, and Rule 404(b) evidence would be admissible under the *Cassell-Garner* line of cases. *United States v. Cassell*, 292 F.3d 788 (D.C. Cir. 2002); *see also United States v. Garner*, 396 F.3d 438 (D.C. Cir. 2005).

Evidence of other crimes, wrongs or acts is admissible under Federal Rule of Evidence 404(b) if offered for a permissible purpose. Permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990). In determining whether Rule 404(b) evidence is admissible, courts employ a two-part analysis. Initially, the Court considers whether the evidence is relevant under to the standard set forth in Rule 404(b). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." *Miller*, 895 F.2d at 1436.[2/] If the Court deems the evidence relevant, it then must decide whether the prejudicial impact of the testimony *substantially* outweighs its probative value. Fed. R. Evid. 403; *United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984).[3/] In close cases, the rule favors admission of the prior misconduct evidence. *Id.* at 989; *see also United States v. (James) Johnson*, 802 F.2d 1459, 1463-64 (D.C. Cir. 1986) (stating that "the balance should generally be

---

[2/]   In the context of 404(b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. A preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not required under Rule 104(a). *Huddleston v. United States*, 485 U.S. 681 (1988).

[3/]   Nearly all evidence offered by the government in a criminal proceeding arguably will be prejudicial to the defendant. But it is only when the prejudicial effect of the evidence is unfair and *substantially* outweighs the probative value of the evidence that the evidence should be excluded. *United States v. Moore*, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir 1992).

struck in favor of admission when the evidence indicates a close relationship to the event charged") (quoting *United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978)).

It is well established that where a defendant is charged with a narcotics offense, evidence of a prior drug transaction is admissible to prove intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. For example, in *United States v. Washington*, 969 F.2d 1073, 1080-81 (D.C. Cir 1992), the Court approved the admission of evidence of prior drug transactions to show intent, knowledge, plan, and absence of mistake in the trial of a defendant for distribution and possession with intent to distribute drugs. *See also United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994) (holding that evidence of prior sales of cocaine by defendants was admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (upholding admission of evidence of defendant's prior drug trafficking in trial on charge of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); *United States v. (Michael) Johnson*, 40 F.3d 436 (D.C. Cir. 1994) (concluding that it was proper to admit evidence of a prior drug transaction as bearing on intent). Defendant's prior drug trasactions also are admissible to show knowledge, intent, and absence of accident or mistake with respect to his possession of the handgun. In *United States v. Toms*, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998), the D.C. Circuit held that evidence of the defendant's drug dealing on earlier occasions was admissible to show that he had a motive to possess the firearm with which he was charged. For all of these reasons, evidence of Defendant's prior drug transaction should be admitted in this case.

Any potential prejudice flowing from admitting Rule 404(b) evidence can be cured by an appropriate jury instruction. "[I]t is the law, pure and simple, that jury instructions can sufficiently

protect a defendant's interest in being free from undue prejudice." *United States v. Perholtz*, 842 F.2d 343, 361 (D.C. Cir. 1988) (citation omitted). *Accord Zafiro v. United States*, 506 U.S. 534, 540-41 (1993). Jurors are presumed to follow the court's instructions. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *United States v. Mathis*, 216 F.3d 18, 25 (D.C. Cir. 2000).

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Court grant its motion to introduce Rule 404(b) evidence at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
(202) 514-7549