

U.S. Department of Justice

United States Attorney

District of Columbia

FILED

DEC 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

November 23, 2005

Nikki U. Lotze, Esquire
Roberts & Wood
6801 Kenilworth Avenue
Riverdale, Maryland 20737

                Re:    *United States v. Ty Edwardo Clark*
                       Criminal Number 05-294 (EGS)

Dear Ms. Lotze:

      This letter confirms the agreement between your client, Ty Edwardo Clark, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

### TY EDWARDO CLARK'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

      1.    Your client, Ty Edwardo Clark, agrees to admit guilt and enter a plea of guilty to Counts One and Four of a pending indictment, in violation of 18 U.S.C. § 922(g) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Your client understands that pursuant to 18 U.S.C. § 924(a)(2), a violation of 18 U.S.C. § 922(g) carries a statutory maximum penalty of ten years' imprisonment, a fine of not more than $250,000.00, and a period of supervised release of three years following imprisonment. Your client further understands that pursuant to 21 U.S.C. § 841(b)(1)(C), a violation of § 841(a)(1) carries a statutory maximum penalty of imprisonment for not more than twenty years, a fine of not more than $1,000,000.00, and a period of supervised release of at least three years following imprisonment. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior

to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. § 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 21.2 grams of cocaine base, also known as crack, and 112.4 grams of marijuana, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute. The Government agrees that the .22 caliber rifle found during the execution of a search warrant in this case on July 15, 2005, is not relevant conduct for the purpose of determining your client's Guidelines sentence.

3. In addition, your client agrees to waive your client's interest, if any, in and not to contest the administrative forfeiture of the following property: a 1992 Pontiac PSV (VIN 1GMDU06L6NT235947); a nine-millimeter Ruger handgun (serial number 31296940), that was loaded with nine (9) rounds of nine-millimeter ammunition; $355.00 in United States currency; a digital scale (serial number 95311130977); a .22 caliber rifle (no serial number); a Daisy BB gun (no serial number); a 12 G shotgun shell; 144 rounds of .22 caliber ammunition; and $1834.00 in United States currency as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

4. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6.  Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the *United States Sentencing Commission's Guidelines Manual*. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

7.  Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8.  Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

9.  This Office will request that the Court dismiss the remaining counts of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

10. The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. The Government agrees that it will not oppose a sentence at the low end of the applicable Sentencing Guidelines range. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client reserves the right to seek a decrease in his offense level on the ground that the cocaine base, also known as crack, for which he is responsible should be treated as though it were cocaine for the purpose of the Sentencing Guidelines. Your client acknowledges that the Government will oppose such a decrease in your client's offense level and will argue that the cocaine base in this case should

-3-

be treated as cocaine base, also known as crack, not as cocaine. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

## GENERAL CONDITIONS

11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

12. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

*/s/ Kenneth L. Wainstein /92/*
KENNETH L. WAINSTEIN
United States Attorney

*/s/ Jessie K. Liu/*
JESSIE K. LIU
Assistant United States Attorney

-4-

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Nikki U. Lotze, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 12/1/05

_____
TY EDWARDO CLARK
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 12/1/05

_____
NIKKI U. LOTZE, ESQUIRE
Attorney for the Defendant