UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 05-294 (EGS)
:
: FILED
:
TY EDWARDO CLARK, : DEC 12 2005
:
Defendant. : NANCY MAYER WHITTINGTON, CLERK
: U.S. DISTRICT COURT

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Ty Edwardo Clark, hereby submit this Factual Proffer in Support of Guilty Plea. The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, 18 U.S.C. § 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant knowingly possessed a firearm and ammunition;

2. That the firearm and ammunition had been shipped or transported from one state to another; and

3. That, at the time Defendant possessed the firearm and ammunition, Defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year.

The essential elements of the offense of Unlawful Possession with Intent to Distribute Cocaine Base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant possessed a controlled substance (cocaine base);

2. That Defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally, or inadvertently; and

3. That when Defendant possessed the controlled substance, he had the specific intent to distribute it.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on July 6, 2005, at approximately 9:00 a.m., members of the Metropolitan Police Department's Sixth District Focus Mission Team pulled into a parking lot in the 300 block of Ridge Road, S.E., in the District of Columbia. As the officers entered the lot, they observed Defendant standing a few feet away from the driver's side of a red van, talking to an unidentified man. Several other men who were standing in the parking lot fled when the officers approached. Two of the officers then frisked Defendant and found a nine-millimeter Ruger handgun, model P89, serial number 31296940, loaded with nine rounds of nine-millimeter ammunition, in his waistband. Neither the handgun nor the ammunition had been manufactured in the District of Columbia. At the time that he possessed the handgun and ammunition, Defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year, in Case No. F-4082-90 in the District of Columbia Superior Court.

After his arrest on July 6, 2005, Defendant stated that he resided at 1204 Holbrook Street, N.E., Apartment No. 2, in the District of Columbia. On July 8, 2005, officers of the Metropolitan Police Department obtained a search warrant for 1204 Holbrook Street, N.E., Apartment No. 2, to search for evidence of illegal possession of firearms and ammunition. On July 15, 2005, at

approximately 8:12 a.m., members of the Metropolitan Police Department's Major Narcotics Branch executed the warrant. Upon entering the apartment, an officer observed Defendant in the living room, which Defendant was using as his bedroom, standing at the end of a couch with a fold-out bed. A quantity of suspected cocaine base, some of it packaged in small yellow ziplocks, was on the bed. The suspected cocaine base was analyzed by the Drug Enforcement Administration and found to contain a total of 21.2 grams of cocaine base, otherwise known as crack. A narcotics expert was prepared to testify as to the amounts of cocaine base typically used by drug addicts; how cocaine base is packaged and sold; and the value of cocaine base in the District of Columbia. This testimony would support the conclusion that Defendant possessed the cocaine base in this case with the intent to distribute it, rather than for personal use.

This factual proffer is a summary of Defendant's participation in the offenses of Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year and Unlawful Possession with Intent to Distribute Cocaine Base, and is not intended to be a complete accounting of all facts and events related to the offenses. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support Defendant's guilty plea in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
202-514-7549

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Nikki U. Lotze, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 12/1/05

_Ty Clark_
TY EDWARDO CLARK
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 12/1/05

NIKKI U. LOTZE, ESQUIRE
Attorney for Defendant