UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-0294 (EGS) |
| | : | |
| v. | : | Judge Sullivan |
| | : | |
| TY EDWARD CLARK, | : | next date: March 7, 2006: Sentencing |
| | : | |
| Defendant. | : | |

### UNOPPOSED MOTION OF THE UNITED STATES TO CONTINUE SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Motion to Continue the Sentencing in this matter currently scheduled for March 7, 2006. The undersigned Assistant United States Attorney contacted counsel for defendant, Nikki Lotze, Esquire, on February 24, 2006, and explained the basis of the government's request. Ms Lotze graciously agreed not to oppose the motion for a continuance. Ms. Lotze, however, indicated that if the motion to continue is granted by the Court that she would ask that the new sentencing date not be set for the week of March 20, 2006, because she will be unavailable. The Government would propose that the sentencing hearing be set during the Week of March 27, 2006.

As the Court is aware from the record of this case, defendant, Ty Edward Clark pleaded guilty, pursuant to a plea agreement, to Counts 1 ad 4 of a pending indictment, which charged him with Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment in Excess of One year, in violation of 18 U.S.C. § 922(g), and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(1)(1) and (b)(1)(C). As permitted by the plea agreement, defendant has submitted a memorandum that seeks to decrease his offense level on the ground that cocaine base, also known as "crack," should be treated as though it were

cocaine for the purposes of the Sentencing Guidelines.[1] The so-called "crack-powder disparity" argument has been fully briefed by both parties. At sentencing the government anticipates that the Court will want to have the benefit of oral argument by the parties.

Based on the United States Sentencing Guideline (U.S.S.G.) calculation set forth in the PSR, the Court's ruling on the parties' respective positions will determine, greatly, what the total offense level will be in this matter. Oral argument, undoubtedly, will be important in this case. As the Court may be aware, the assigned AUSA, Jessie Liu, is out of the office on maternity leave. AUSA Liu is anticipated to return to the office during the week of March 20, 2006. The government submits that AUSA Liu is the person most prepared to argue the interests of the government in this matter. Thus, given the current status of the case, the government would request a brief continuance of the sentencing in this matter.

### Conclusion

For the reasons stated above, the United States requests a continuance of the sentencing date in the above-captioned case.

                                              Respectfully submitted,

                                              KENNETH L. WAINSTEIN
                                              UNITED STATES ATTORNEY

By: _____
        Anthony M. Alexis
        Assistant United States Attorney
        D.C. Bar No. 384-545
        555 Fourth Street, NW
        Washington, DC 20530
        (202) 514-9416
        anthony.m.alexis@usdoj.gov

---

[1] It appears from a review of the docket sheet, that defendant is currently being held without bond pending his sentencing date.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will cause to have the foregoing mailed via first class U.S. Mail to counsel for the defendant, Nikki Lotze, Esquire Roberts & Wood, 6801 Kenilworth Avenue, Suite 202, Riverdale, Maryland 20737 this 2nd day of March 2006.

_____
ASSISTANT UNITED STATES ATTORNEY