**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES                              :

v.                                         :        05-294 (EGS)

TY EDWARDO CLARK                           :

<u>DEFENDANT'S BOND REVIEW MOTION</u>

Ty Clark, through undersigned counsel, respectfully moves this Court pursuant to 18 U.S.C. section 3142(c)(3), to review his bond status in this case and order Mr. Clark released to the intensive supervision program of the Pretrial Services Agency. In support of this motion counsel states the following:

1.    Mr. Clark is before the Court charged with possession with intent to distribute cannabis (on July 6, and July 15, 2005) and cocaine base (on July15, 2005); one count of unlawful possession of a firearm by a person previously convicted of a crime punishable by imprisonment for more than one year, and one count of using, carrying and possessing a firearm during a drug trafficking offense (both on July 6, 2005).

2.    The charges stem from two separate incidents: a search conducted following a stop on July 6, 2005, (one count of PWID marijuana; the §924(c) count, and the §922(g) count); and a search conducted pursuant to a warrant obtained solely on the basis of the July 6, 2005, stop (the remaining PWID marijuana and PWID cocaine base counts).

3.    Following his arrest on July 6, 2005, Mr. Clark was initially released on his own personal recognizance.

4.    Since his re-arrest on July 15, 2005, on the search warrant charges, Mr. Clark has been held without bond.

5.    On December 12, 2005, Mr. Clark pled guilty to possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, and possession with intent to distribute cocaine base.

6.    A presentence report was prepared, and the parties briefed the issue concerning appropriate post-*Booker* sentencing of crack cocaine offenders.

7.    A sentencing hearing was held March 30, 2006. The government reported that an appeal concerning appropriate post-*Booker* sentencing of crack cocaine offenders is now pending in the court of appeals.  Given the gravity of the interests to be effected the pending court of appeals decision, this Honorable Court postponed the instant sentencing in order to have the benefit of the court of appeals' decision.

8.    In light of the possible length of that postponement, and the consequent possibility that by the time the court of appeals' decision is rendered, Mr. Clark will have served more time than the Court would be inclined to impose as a sentence, (depending upon the court of appeals' decision),[1]  counsel sought Mr. Clark's release pending sentencing.

9.    The Court agreed at least to consider releasing Mr. Clark pending sentencing; instructed counsel to file a bond review motion, and set a sentencing status for April 27, 2006 at 12:30.

---

[1]At the sentencing status to be held on April 27, 2006, Mr. Clark will have credit for 338 days time served -- nearly 10 months.  Should the court of appeals sanction post-*Booker* sentences that ameliorate the disparate treatment of crack as opposed to powder cocaine offenders; the Court might permissibly choose to sentence Mr. Clark pursuant to an advisory guideline range of 15-21 months  (the applicable advisory guideline range assuming a ratio of 1:1).

10.     Mr. Clark is a 38 year old man who has not been convicted of any crime since he was 22. Because of the passage of more than 15 years since this latest conviction, Mr. Clark has no criminal history points for purposes of determining the applicable advisory guideline range.

11.     In neither incident to which he pled guilty is it alleged that Mr. Clark was engaged in any violent conduct at or before the time of his arrest.  Mr. Clark does not pose any danger to the community.

12.     Mr. Clark has substantial ties to the community and poses no risk of flight.  He has lived in the District of Columbia area his whole life.

13.     Both of Mr. Clark's siblings died during his lifetime from Sickle Cell Anemia complications. Mr. Clark, too, carries the sickle cell trait.

14.     Prior to his arrest, Mr. Clark was instrumental in caring for his thirteen year old daughter, Tyra, whose mother battles an addiction to cocaine. Since his incarceration, it has been reported to the Child Welfare Department that Tyra is neglected.  Without her father to care for her, she has been routinely left in her mother's home alone at night to care for her 2 and 6 year old half siblings.

15.     Since he has been incarcerated, Mr. Clark's mother has taken up his efforts to gain custody of the child. If released, Mr. Clark would be in a better position than his mother to seek custody of his daughter and provide appropriate care for her.

10.     In light of the foregoing, counsel respectfully requests that the Court reconsider Mr. Clark's bond status.  Counsel contacted PTSA and spoke with Tammy Everett in an effort to have Mr. Clark assessed prior to his April 27, 2006, hearing, for possible electronic monitoring through the high intensity supervision program.

<u>CONCLUSION</u>

Mr. Clark is not a risk of flight and poses no danger to the community.    For these reasons

Mr. Clark asks that the Court permit him to be interviewed for possible placement in the intensive

supervision program through the Pretrial Services Agency.

Respectfully submitted,


_____

Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, #202
Riverdale, MD 20737
(301) 699-0764



<u>CERTIFICATE OF SERVICE</u>


I hereby certify that a copy of the foregoing bond review motion has been sent by mail and FACSIMILE, on this _____ day of April 2006, to:

AUSA Jessie Liu
Office of the United States Attorney
USDC Trial Division
555 Fourth Street, NW
Washington, D.C. 20530

_____
Nikki Lotze

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES                          :

v.                                     :               05-294 (EGS)

TY EDWARDO CLARK                       :

### PROPOSED ORDER

UPON CONSIDERATION of the Defendant's Bond Review Motion, it is this _____

day of _____ 2006, hereby

ORDERED that the motion is granted, and Mr. Clark is to be interviewed by the Pretrial

Services Agency for possible placement in the intensive supervision program  pending trial.


_____
JUDGE SULLIVAN

cc:    Nikki Lotze
       Roberts & Wood
       6801 Kenilworth Avenue
       Suite 202
       Riverdale, MD 20737

       AUSA Jessie Liu
       Office of the United States Attorney
       555 4th Street NW
       Washington, D.C. 20530