UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 05-294 (EGS) |
| v.    : | |
| : | |
| TY EDWARDO CLARK,   : | |
| : | |
| Defendant.  : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S BOND REVIEW MOTION**

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Ty Clark's bond review motion and requests that this Court hold Defendant Clark without bond pending sentencing in this case. In support of its opposition, the Government relies on the following points and authorities and such points and authorities as may be cited at a hearing on the motion:

    1.    This case stems from two separate incidents. On July 6, 2005, Defendant Clark was stopped with a loaded nine-millimeter handgun in his waistband. Marijuana was found in his van. On July 15, 2005, a search warrant was executed at Defendant Clark's home, where 21.2 grams of cocaine base and 112.4 grams of marijuana were found. Defendant Clark was charged in a five-count indictment with two counts of possession with intent to distribute cannabis; one count of possession with intent to distribute cocaine base; one count of unlawful possession of a firearm by a person previously convicted of a crime punishable by imprisonment for more than one year; and one count of using, carrying, and possessing a firearm during a drug trafficking offense.

    2.    Following the first arrest, on July 6, 2005, Defendant Clark was released on personal recognizance. After his rearrest on July 15, 2005, Defendant Clark was held without bond. On December 12, 2005, Defendant Clark pleaded guilty to possession of a firearm and ammunition by

a person convicted of a crime punishable by imprisonment for a term exceeding one year and possession with intent to distribute cocaine base. This Court ordered him held without bond pending sentencing. Defendant Clark now moves the Court to reconsider his bond status.

3. As an initial matter, Defendant Clark's motion violates his plea agreement in this case. Paragraph 4 of that agreement provides that Defendant Clark "agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, [he] be detained without bond pending [his] sentencing in this case."

4. Section 3143(a)(2) of Title 18, United States Code, provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Section 3142(f)(1)(C) refers to "an offense for a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ."

5. Defendant Clark pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), which, under 21 U.S.C. § 841(b)(1)(C), carries a maximum penalty of imprisonment for twenty years. Defendant Clark therefore *must* be held pending sentencing *unless* this Court finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the Government has recommended no sentence of

imprisonment. *In addition*, as a prerequisite to release, the Court must find by clear and convincing evidence that Defendant Clark is not likely to flee or pose a danger to any other person or the community.

6. This Court cannot find that there is a substantial likelihood that a motion for acquittal or new trial will be granted; Defendant Clark pleaded guilty to possession with intent to distribute cocaine base and admitted the facts supporting that guilty plea during the Rule 11 colloquy in this case. Nor has the Government recommended that no sentence of imprisonment be imposed. Accordingly, 18 U.S.C. § 3143(a)(2) requires that Defendant Clark be detained pending sentencing.

7. Moreover, this Court should not find by clear and convincing evidence that Defendant Clark is not likely to flee or pose a danger to any other person or the community. Defendant Clark was found on the streets of the District of Columbia with a loaded gun in his waistband. Less than ten days later, he was discovered to be in possession of a significant quantity of marijuana and cocaine base, at least some of which he has admitted intending to distribute. Although Defendant Clark now urges that he should be released so that he can support his daughter, his concern for her did not deter him from possessing a loaded gun and a significant quantity of drugs, both of which pose a substantial danger to the community.

8. This Court should not (and under 18 U.S.C. § 3143(a)(2), may not) release Defendant Clark because the D.C. Circuit is currently considering a Government appeal in *United States v. Anthony Lewis*, No. 05-3197, that presents the issue of whether a district court may categorically reject the 100:1 crack/powder cocaine quantity ratio in favor of a 20:1 ratio. The Government filed its brief on April 11, 2006. The defendant's brief originally was due on May 11, 2006, with the Government's reply brief due on May 25, 2006, but the defense has requested a continuance, to

which the Government has agreed. No oral argument date has been scheduled. The case is not expedited.

9. Defendant Clark argues that he should be released pending sentencing because it is possible that by the time the D.C. Circuit renders its decision, he will have served more time than this Court would be inclined to impose. This claim lacks merit. At the time of the next status hearing in this case, Defendant Clark will have served approximately ten months. Even assuming a 1:1 crack/powder cocaine quantity ratio, he would be subject to a Sentencing Guidelines range of 15 to 21 months. Defendant Clark will not have served fifteen months until late September 2006, by which time the D.C. Circuit may have ruled or be close to a ruling.

10. In addition, it is highly unlikely that the D.C. Circuit would sanction a 1:1 ratio. The case currently on appeal involves a 20:1 ratio, and, as the Government sets forth in its sentencing memorandum, the Sentencing Commission never has endorsed a 1:1 ratio. Indeed, the Commission's reports always have acknowledged that there is empirical support for punishing crack cocaine offenses more severely than powder cocaine offenses.

11. Moreover, the weight of the law is against any categorical rejection of the 100:1 ratio. Both circuit courts that have addressed the issue have concluded that a district court may not categorically reject this ration, which is embedded in the Guidelines and Title 21, United States Code, in favor of some other ratio. *See United States v. Eura*, 440 F.3d 625 (4th Cir. 2006); *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006).

12. Any ratio greater than 1:1 would result in a higher Guidelines range and would reduce the possibility that Defendant Clark will serve more time than his ultimate sentence by the time the D.C. Circuit rules on the pending appeal in the *Lewis* case.

**CONCLUSION**

WHEREFORE, this Court should deny Defendant Clark's motion for bond review and order him held without bond pending sentencing in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
(202) 514-7549

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a copy of the foregoing via United States mail, postage prepaid, to counsel for Defendant:

> Nikki U. Lotze, Esquire
> Roberts & Wood
> 6801 Kenilworth Avenue
> Berkshire Building, Suite 202
> Riverdale, Maryland 20737

this twenty-fourth day of April, 2006.

_____
JESSIE K. LIU
Assistant United States Attorney