IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 05-294 |
| | : | Sentencing Date: May 16, 2008 |
| Ty Clark, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM SUPPLEMENT**

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby supplements its January 30, 2006 sentencing memorandum.

    The parties have long disagreed on how to calculate and apply the crack cocaine guidelines to this case. What is clear is that "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for determining the defendant's sentence. <u>Gall v. United States</u>, 128 S.Ct. 586, 596 (2007). This Court must also consider all of the sentencing considerations set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the Guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide

restitution to any victims of the offense. See id.

On July 6, 2005, in the 300 block of Ridge Road, SE, in the District of Columbia, the defendant discovered carrying a nine-millimeter Ruger handgun, model P89, loaded with nine rounds of ammunition, in his waistband, when he had already been convicted of two offenses (attempted distribution of cocaine and attempted possession with intent to distribute PCP) punishable by imprisonment for a term exceeding one year. He was also carrying $355, and was standing a few feet away from his red van, which contained 23.7 grams of marijuana. On July 15, 2005, in connection with his arrest, officers executed a search warrant on his residence. They found the defendant in the living room next to a bed on top of which was 12 grams of cocaine base, some packaged in yellow zip-locks. Nearby, officers discovered an additional 14 grams of cocaine base inside a grey sock inside of a laundry bag. Officers also found about 112.4 grams of marijuana in the laundry bag. Officers also discovered over $1,800 and multiple empty zip-lock bags at the residence. The suspected cocaine base was analyzed by the Drug Enforcement Administration and found to contain a total of 21.2 grams of cocaine base. The defendant subsequently pled to Unlawful Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1), and Unlawful Possession with Intent to Distribute Cocaine Base, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[1]

The possession of a firearm by a felon and the possession with the intent to distribute 21.2 grams of cocaine base are serious offenses by a felon who, at the time, was obviously and admittedly involved in a significant amount of drug distribution activity.[2] Deterring the defendant and others

---

[1] The defendant in signing the plea agreement took responsibility for the narcotics found at his residence, but not, apparently, for the marijuana found in his vehicle.

[2] The government believes that the Ruger was at least tied to the defendant's drug activity.
(continued...)

from such dangerous activity outweighs the defendant's ability to do those things that society would minimally expect him to achieve while released to pretrial supervision, such as his satisfactory compliance with pretrial supervision, his apparently positive relationship with his daughter, and gainful employment.

The total amount of the seized drugs is equivalent to 130.14 kilograms of marijuana, resulting in a base offense level of 26. U.S.S.G. § 2D1.1 (a)(3) and (c)(7). With the defendant's acceptance of responsibility, the defendant has a total offense level of 23, with a sentencing range of 46-57 months incarceration. Although defense counsel accurately notes that in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), the Supreme Court held it was reasonable for a district court judge to deviate downward from the guideline range, defense counsel offers no basis for why a 1:1 ratio of powder to crack cocaine, rather than a 20:1, 50:1, or any other ratio, would be an appropriate standard for this Court to use in evaluating the section 3553(a) factors. Further, while the defendant complains of a 100:1 disparity between the sentencing range for powder cocaine and crack cocaine, the actual disparity for the defendant since the Sentencing Guideline Amendments, 72 Fed. Reg. 28571-28572 (2007) is closer to 25:1.[3] Neither Congress nor the Sentencing Commission have ever adopted the 1:1 ratio proposed by the defendant, and this Court should decline to do so here.

---

[2](...continued)
For example, the defendant at the time of the plea agreement agreed to the forfeiture of the weapon as deriving from or facilitating his drug trafficking. <u>See</u> Plea Agreement, at 2. The government recognizes however, that whether the Ruger can be linked sufficiently to the specific amounts of crack cocaine and marijuana found at the defendant's residence so as to increase his overall offense level for possession of that contraband is disputed. The government will not seek the two point enhancement under U.S.S.G. § 2D1.1(b)(1) at this time.

[3]The defendant, in possession of 21.2 grams of cocaine base, would be treated the same under the Guidelines if he possessed at least 500 grams of powder. U.S.S.G. § 2D1.1(c)(7). The ratio therefore appears to be approximately 25:1.

Because a sentence of 46-57 months is a reasonable amount of incarceration time for an armed drug dealer trafficking in cocaine base who has a prior drug felony conviction, and would serve to implement the sentencing goals set forth in section 3553, the government requests that the Court sentence the defendant to a period of incarceration within that range.

      Respectfully submitted,

      JEFFREY A. TAYLOR
      United States Attorney

      By: _____
      Jeff Pearlman
      DC Bar 466901
      Assistant United States Attorney
      555 4th Street, N.W.
      Washington, D.C.  20530
      (202) 353-2385
      jeffrey.pearlman@usdoj.gov